# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2737 | **DATE** | 8/23/2001 |
| **CASE TITLE** | TIG Insurance Company vs. Giggin, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in this Memorandum Opinion and Order, defendants' motion to strike and compel are granted in part and denied in part and their motion for sanctions is denied. TIG is ordered to respond to defendants' Request to Admit Nos. 6-8, Interrogatory Nos. 7 and 8 and Document Request Nos. 4 and 5 within fourteen days. (37-1,2,3)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 2 4 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 43 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 AUG 23 PM 3: 30 | date mailed notice | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
AUG 24 2001

TIG INSURANCE COMPANY, individually )
and as subrogee of Illinois State University, )
)
Plaintiff, )
)
v. )
)
GIFFIN, WINNING, COHEN & BODEWES, )  No. 00 C 2737
an Illinois professional corporation, and )  Paul E. Plunkett, Senior Judge
CAROL HANSEN POSEGATE, GREGORY )
K. HARRIS, and ARTHUR B. CORNELL, JR., )
individually, )
)
Defendants. )

AUG 24 2001

## MEMORANDUM OPINION AND ORDER

The case is before the Court on defendants' motions to strike TIG's objections to their discovery requests, to compel TIG's response and for sanctions. For the reasons set forth below, the motions to strike and compel are granted in part and denied in part and the motion for sanctions is denied.

### Discussion

Defendants are entitled to discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The term "relevant" has been broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). The information sought need not be admissible at trial, as long as it is "reasonably

43

calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). With these principles in mind, we turn to the contested discovery requests.

In Nos. 2, 3, 6, 7 and 8 of their Requests to Admit, Nos. 5-8 of their Interrogatories and Nos. 3 and 4 of their Document Production Requests, defendants seek information relating to TIG's attempts to retain defendants or control ISU's defense in the Varner litigation. TIG contends that these requests pertain solely to the malpractice claim it attempted to assert against defendants. Because that claim was dismissed with prejudice on May 29, 2001, TIG contends that the information sought in these request is now irrelevant to this suit.

Though the information they seek would have been relevant to the malpractice claim, defendants contend that it is relevant to the subrogation claim as well. Whether TIG attempted to retain ISU's lawyers or otherwise control its defense in the Varner litigation, defendants argue, is relevant to determining whether defendants were in fact the cause of any damages TIG claims to have suffered.

There is some merit to each party's view. The Court agrees with TIG that Request to Admit Nos. 2 and 3, Interrogatory Nos. 5 and 6 and Document Production Request No. 3, all of which address TIG's attempts to retain or otherwise form an attorney-client relationship with the defendants, seek information that pertains solely to the dismissed malpractice claim, which is no longer relevant to this suit. However, the Court agrees with defendants that Request to Admit Nos. 6-8[1] and Interrogatory Nos. 7 and 8, which pertain to TIG's attempts to control ISU's defense in the

---

[1]TIG's other objections to Request to Admit No. 8 are also meritless. TIG says the request is "vague, ambiguous and confusing" because it seeks an admission about TIG's assumption of control of ISU's defense rather than TIG's assumption of ISU's defense – an objection based on semantics, not substance. If TIG assumed ISU's defense, and it contends that it did, it necessarily assumed control of the defense. For the same reason, TIG's objection that the request "assumes facts not in evidence," that is, that TIG assumed control of ISU's defense, is baseless.

Varner litigation, may uncover information relevant to the causation element of TIG's subrogation claim.

The information sought by Document Production Request No. 4, which seeks documents concerning any attorney-client relationship between TIG and Latham & Watkins, ISU's other lawyers, is also relevant. At this point, it is not clear whether Latham & Watkins had any involvement in the events underlying the sanctions motion. If it did, however, defendants are entitled to discover the extent to which TIG directed that firm's activities, thereby causing or contributing to the damages TIG claims to have suffered.

Defendants also ask us to compel TIG to comply with their Document Production Request No. 5, which seeks "all documents regarding ISU's insurance coverage for the *Varner* litigation under the TIG policy, including, but not limited to, the TIG claim file maintained with respect to the *Varner* litigation." TIG objected on the grounds that the request is: (1) "vague, overbroad, [and] unduly burdensome"; (2) seeks irrelevant documents; and (3) seeks documents that are privileged. TIG further responded that it would produce responsive documents "[s]ubject to its objections." TIG's objections on the grounds of vagueness, overbreadth, undue burden and irrelevance are without merit. The request is perfectly clear and seeks documents that pertain directly to TIG's claim. Moreover, TIG has made no showing that the requested documents cannot practicably be produced. Finally, to the extent any documents responsive to this request are privileged, TIG must produce a privilege log to defendants that identifies the documents withheld and the privilege asserted. A blanket privilege objection will not suffice.

Next, defendants ask us to strike the objections TIG made in response to Request to Admit No. 4, which seeks an admission that TIG had no duty to defend ISU in the Varner litigation.

Though TIG interposed a number of objections, it also responded to the request. Defendants' motion to strike those objections is, therefore, moot.

Defendants also ask the Court to compel TIG to answer Interrogatory No. 10, which says: "State the amount you contend was spent by ISU in defending against the Motion for Sanctions, and the basis for your contention, including every belief, opinion, fact, and document that supports your contention, and the identity of every witness with knowledge of facts supporting your contention." TIG responded that it spent in excess of $700,000 and that "various invoices from Latham & Watkins and Defendants" support that amount. That answer is clearly insufficient, as TIG does not identify with specificity any facts or documents that support its damage request. TIG has, however, agreed to provide defendants with a more detailed answer. (See Pl.'s Opp'n Defs.' Mot. Strike Objections & Compel at 6-7.) Thus, defendants' motion to compel an answer to Interrogatory No. 10 is also moot.

Finally, defendants ask the Court to award them the attorney's fees they expended in bringing this motion. Federal Rule of Civil Procedure 37(a)(4) authorizes us to award reasonable expenses incurred in bringing a successful motion to compel unless "the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." An award of expenses would not be justified in this instance because we sustained a number of TIG's objections and found that several of defendants' requests to compel were moot. Accordingly, defendants' request for an award of sanctions is denied.

## Conclusion

For the reasons set forth above, defendants' motions to strike and compel are granted in part and denied in part and their motion for sanctions is denied. TIG is ordered to respond to defendants' Request to Admit Nos. 6-8, Interrogatory Nos. 7 and 8 and Document Production Request Nos. 4 and 5 within fourteen days of the date of this Memorandum Opinion and Order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: August 23, 2001