Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2737 | **DATE** | 8/28/2001 |
| **CASE TITLE** | TIG INSURANCE COMPANY vs. CHICAGO INSURANCE COMPANY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for reconsideration of the Court's February 8, 2001 dismissal of Count III of its original complaint is denied.

(11) ■ [For further detail see

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 29 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 44 |
| | Mail AO 450 form. | | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 AUG 29 AM 7:57 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIG INSURANCE COMPANY, individually )
and as subrogee of Illinois State University, )
)
Plaintiff, )
)
v. )
)
CHICAGO INSURANCE COMPANY, an )
Illinois corporation, GIFFIN, WINNING, ) No. 00 C 2737
COHEN & BODEWES, P.C., an Illinois ) Paul E. Plunkett, Senior Judge
professional corporation, and CAROL )
HANSEN POSEGATE, GREGORY K. )
HARRIS, and ARTHUR B. CORNELL, JR., )
individually, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

TIG Insurance Company has filed a Rule 60(b) motion to reconsider[1] the Court's February 8, 2001 dismissal of the legal subrogation claim it asserted in Count III of its original complaint. For the reasons set forth below, the motion is denied.

### Discussion

Rule 60(b) allows reconsideration on the grounds of inadvertence, mistake, excusable neglect, newly discovered evidence, misconduct of the opposing party or "any other reason [that]

---

[1] TIG served its motion for partial reconsideration on March 1, 2001, nearly a month after we dismissed Count III with prejudice. According to our court of appeals, any motion for reconsideration served more than ten days after the entry of judgment must be treated as a Rule 60(b) motion. United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1994).

justif[ies] relief from the operation of the judgment." Fed. R. Civ. P. 60(b). TIG seeks reconsideration because it "failed to make clear that it was not acting as a volunteer in defending the sanctions motion against ISU and its attorneys." (Mem. Supp. Mot. Leave File Am. Compl. & Partial Recons. at 1-2.) As the Seventh Circuit has made clear, however, Rule 60(b) will not relieve a party of its own negligence. Lomas & Nettleton Co. v. Wiseley, 884 F.2d 965, 967 (7th Cir. 1989) ("Rule 60(b)(1)'s reference to 'inadvertence or excusable neglect' does not authorize relief from the consequences of negligence or carelessness. Rather, it requires some justification for an error, beyond a mere failure to exercise due care.") (citations omitted). Because TIG's motion does not implicate any of the grounds for reconsideration set forth in Rule 60(b), it must be denied.

Even if TIG had a proper basis for the motion, however, we would still deny it on the merits. TIG argues that it did not act as a volunteer when it paid ISU's legal fees in connection with the sanctions motion in the Varner litigation because the motion was directed to ISU as well as the attorney defendants. Under those circumstances, TIG says, it would "have been inconsistent with [its] obligations as ISU's insurer for it to refuse to provide a defense to the sanctions motion." (Mem. Supp. Mot. Leave File Am. Compl. & Partial Recons. at 2-3.) But TIG does not have a duty to defend ISU. In fact, its policy with ISU expressly disclaims any such duty. (See Am. Compl., Ex. A, Section I, ¶ 3b.) TIG's only obligation is to reimburse ISU for the attorney's fees it incurs defending against claims brought against it for a wrongful act of an insured. (Id., Section I, ¶ 1a, Section V, ¶¶ 2, 8, 9.) The term insured, as the policy defines it, excludes the attorney defendants. (Id., Section II.) Thus, TIG's obligation to pay ISU's legal bills in connection with the sanctions motion would have been triggered only if Judge Mihm attributed the underlying discovery breaches to ISU; an event that never occurred.

-2-

Even if it was not obligated to pay ISU's sanctions-related legal bills, the fact that it did so, TIG contends, does not defeat its claim for subrogation. Citing the Seventh Circuit's opinion in American Nat'l Bank & Trust Co. of Chicago v. Weyerhauser Co., 692 F.2d 455 (7th Cir. 1982), TIG argues that subrogation is appropriate because the potential for liability existed when it paid ISU's bills. Though our court of appeals did say that "the potential for legal liability . . . can, in many cases, supply sufficient compulsion to support subrogation," id. at 463, the circumstances of the four cases it cited to support that conclusion are quite different from those presented here. In three of those cases, the putative subrogee was compelled by contract or court order to pay the underlying obligation. See Pennwalt Corp. v. Metropolitan Sanitary Dist., 368 F. Supp. 972, 975-77, 979 (N.D. Ill. 1973) (company that paid judgment entered against it for taxes that should have been paid by the Sanitary District was subrogated to the State's claim against the District); Hough v. Aetna Life Ins. Co., 1870 WL 6633, at *1-2 (Ill. 1870) (general agent who, pursuant to contract, paid local agent's premiums to insurance company was subrogated to insurance company's rights against local agent); Bridewell v. Board of Educ., 2 Ill. App. 3d 684, 686-88, 691, 276 N.E.2d 745, 746-48, 750 (5th Dist. 1971) (insurer who was required by contract to defend teacher and pay his legal fees was subrogated to teacher's rights under statute to seek attorney's fees from school district). In the fourth case, American Commercial Lines, Inc. v. Valley Line Co., 529 F.2d 921 (8th Cir. 1976), the putative subrogee was the owner of a barge that collided with and damaged shoreline property. Though the barge owner claimed another vessel caused the accident, under maritime law the barge was presumed to have been at fault. Id. at 924. That presumption virtually compelled the barge owner to pay the property owners' claims, the Eight Circuit said, making it an appropriate case for subrogation. Id.

Unlike the subrogees in those cases, TIG had no legal obligation to pay ISU's sanctions-related fees. TIG's policy does not require it to reimburse ISU for claim expenses before coverage has been determined. Nor does Illinois law, which holds that an insurer's duty to indemnify arises only after a claim has been determined to fall within the policy coverage. Solo Cup Co. v. Federal Ins. Co., 619 F.2d 1178, 1183 (7th Cir. 1980).

Binding legal obligations are not, however, the only forces that can compel a putative subrogee to pay a debt. American Nat'l Bank, 692 F.2d at 463 (noting that "the disruption of normal relations and the frustration of reasonable expectations" may also support subrogation). TIG says that it was compelled to pay the sanctions-related fees because its failure to do so could have: (1) seriously disrupted its relationship with ISU; or (2) resulted in a default judgment being entered against ISU, if ISU refused to pay for its own defense. Presumably, the disruption in relations to which TIG refers is a lawsuit filed by ISU seeking a declaration of coverage. But TIG does not explain why the prospect of a coverage suit, hardly a rarity in the insurance industry, was so daunting that it was forced to pay the sanctions fees to avert it. TIG's professed fear of a default judgment is no more compelling. It is highly implausible that TIG's refusal to pay the sanctions fees until it was clear that they were covered under the policy would have prompted ISU to cease all efforts to defend itself in a class action discrimination suit. Any fear TIG may have had of that extremely unlikely event can hardly be viewed as compulsion to make a payment not required by its policy.

In short, TIG has not demonstrated that any legal or other force compelled it to pay the sanctions-related fees before it was determined that they were covered under the policy. Thus, even if TIG had some valid grounds for seeking reconsideration under Rule 60(b), its motion would be denied.

## Conclusion

For the reasons stated above, TIG's motion for reconsideration of the Court's February 8, 2001 dismissal of Count III of its original complaint is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: _August 28, 2001_