# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2737 | **DATE** | 8/1/2002 |
| **CASE TITLE** | TIG INSURANCE CO. vs. GIFFIN, WINNING COHEN & BODEWES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the motions for judgment on the pleadings and for summary judgment of defendants Giffin, Winning, Cohen & Bodewes, P.C., Carol Hansen Posegate, Gegory K. Harris and Arthur B. Cornell, Jr. are denied. The defendants' motion for leave to cite unpublished authority is also denied. Status hearing set for 9/5/02 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 05 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 73 |
| ✓ | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | 02 AUG -2 AM 10:11 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| TIG INSURANCE COMPANY,<br>individually and as Subrogee of<br>Illinois State University<br><br>Plaintiff,<br><br>v.<br><br>GIFFIN, WINNING COHEN & BODEWES,<br>P.C., an Illinois Professional Corporation,<br>Carol Hansen Posegate, Gregory K. Harris,<br>and Arthur B. Cornell, Jr., individually,<br><br>Defendants. | No. 00 C 2737<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

TIG Insurance Company has filed a three-count amended complaint against defendants seeking to recover money it paid to its insured, Illinois State University ("ISU"), for attorney's fees and costs that ISU incurred in connection with a class-action gender discrimination suit pending in the United States District Court for the Central District of Illinois. Counts II and III of the complaint have been dismissed. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(c) motion for judgment on the pleadings, and in the alternative, a Rule 56(c) motion for summary judgment on Count I, the final claim asserted against them. For the reasons set forth below, the motions are denied.[1]

---

[1] Defendants have also filed a motion for leave to cite unpublished authority in support of their motions for judgment on the pleadings and summary judgment. Illinois law prohibits citing

## Facts

ISU was insured under an Educational Entity Liability policy by TIG. (Defs. Stmt. Facts ¶ 8.) The policy obligates TIG to pay "on behalf of the insureds 'ultimate net loss' in excess of the 'self-insured retention' which the insureds shall be legally obligated to pay for any civil claim or claims first made against them because of a 'wrongful act.'" (Defs.' Mot. Summ. J., Section I, ¶ 1a.) The policy defines "ultimate net loss" as "the amount which the insureds are legally obligated to pay. . . for any claim or claims made against them because of a 'wrongful act' and shall include. . . 'claim expenses.'"(Id., Section V, ¶ 8.) The policy defines "wrongful act" as "any actual or alleged error or misstatement or misleading statement or act or omission or neglect or breach of duty including, misfeasance, malfeasance and nonfeasance by any insured." (Id. ¶ 9.) The policy definition of "claim expenses" includes "[a]ttorney fees and all other litigation expenses." (Id. ¶ 2a.)

ISU is a defendant in a class-action gender discrimination suit, Varner v. Illinois State Univ., No. 95 C 1604, that is currently pending in the United States District Court for the Central District of Illinois. (Defs.' Stmt. Facts ¶ 7.) ISU was represented in that suit by the defendants in this action ("defense attorneys"). (Id.) During the course of the Varner litigation, the judge presiding over the case granted the plaintiffs' motion for sanctions against the defense attorneys for their abuse of the discovery process. (Pl.'s Stmt. Facts ¶ 49.) The Court imposed the sanctions solely against the defense attorneys, not against ISU. (Id.) The judge singled out Giffin, Winning Cohen & Bodewes

---

of unpublished materials. Ill. St. S. Ct. Rule 23(e). We disagree with defendants' interpretation of this rule as strictly procedural under Hanna and its progeny and therefore will abide by the Illinois rule in this diversity case. Hanna v. Plumer, 380 U.S. 460, 468-69 (1965). Consequently, we decline to grant the motion. Furthermore, use of the opinion in question would not bolster the defendants' case, as several facts with significant bearing on the holding are distinguishable from the facts in our case.

("Giffin Winning") attorney Carol Posegate as "the one ultimately responsible" for the abuse, though she maintains the mistakes made were not intentional. (Id. ¶¶ 46, 50.) Posegate is no longer with Giffin Winning but remains a counsel of record on the Varner case. (Defs.' App., Ex. G ¶¶ 4-9.) TIG has incurred fees and costs in excess of $700,000 "[a]s a result of defending against the motion for sanctions and the litigation arising therefrom," and seeks to recover those costs from defense attorneys. (Am. Compl. ¶ 30.)

## Discussion

### Motion for judgment on the pleadings

The defense attorneys have previously filed a motion to dismiss the sole remaining count of the plaintiff's claim and that motion was denied in a February 8, 2001 Order from this Court.[2] As such, we will treat the defense attorneys' motion for judgment on the pleadings as a motion to reconsider the prior Order. Because that Order is interlocutory in nature, the defense attorneys' motion is not brought under a specific rule of procedure, but is directed to the Court's inherent authority to reconsider its interlocutory orders before the entry of final judgment. See Peterson v. Lindner, 765 F.2d 698, 704 (7th Cir. 1985) ("Of course, if the order was interlocutory, [the district judge] had the power to reconsider it at any time before final judgment."). Such common law motions to reconsider are appropriate when the facts or law on which the decision was based change significantly, when the Court has misunderstood a party, has made a decision outside the adversarial

---

[2]The February 8, 2001 Order related to the original complaint. The defense attorneys' motion for judgment on the pleadings refers to the plaintiff's amended complaint. However, the substance of Count I is unaltered.

issues presented to it, or has "made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

In their motion to reconsider, defense attorneys do not argue that we misunderstood them, that the law or facts have changed since our decision or that we made our decision outside the issues presented to us. Rather, they make an argument they could have raised earlier but did not. The defense attorneys'' motion does not implicate any of the grounds for granting a common law motion to reconsider.

Even if it did, the motion would still be denied. The defense attorneys are correct in asserting that subrogation rights are defined by the terms of an insurance policy. Spirek v. State Farm Mut. Ins. Co., 65 Ill. App. 3d 440, 449, 382 N.E.2d 111, 117-18 (1st Dist. 1978). However, they incorrectly interpret Orders from this Court, confusing findings made in relation to plaintiff's claims of equitable subrogation with those made in relation to claims of contractual subrogation. Though TIG is not entitled to fees and costs associated with the motions for sanctions in the Varner litigation, this merely precludes TIG from asserting an equitable subrogation claim. ISU, on the other hand, is entitled to file a malpractice claim against the defense attorneys. The terms of ISU's policy with TIG subrogates ISU's malpractice claim to TIG, provided TIG paid ISU for malpractice claim expenses. Therefore, TIG has a contractual subrogation claim for legal malpractice against the defense attorneys.

**Motion for summary judgment**

A motion for summary judgment will succeed "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All facts must be viewed and all reasonable inferences drawn in the light most favorable to the non-moving party. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

The defense attorneys claim they are entitled to judgment as a matter of law because apparent conflicts of interest between TIG and ISU bar TIG from asserting any malpractice claims against the defense attorneys. Under Illinois law, an insurer has a duty to defend an action against an insured where the complaint contains allegations within the coverage of the policy, or potentially within the coverage of the policy. Illinois Masonic Medical Ctr. v. Turegum Ins. Co., 522 N.E.2d 611, 613 (1st Dist. 1988). This duty includes the right to control the litigation, "to allow insurers to protect their financial interest in the outcome of litigation and to minimize unwarranted liability claims." Nandorf, Inc. v. CNA Ins. Co., 479 N.E.2d 988, 991 (1st Dist. 1985). A limited exception to this general rule comes into play when a conflict of interest arises such that "the interest of the insurer would be furthered by providing a less than vigorous defense." Id. at 992. Recognizing that, "the insurer's attorneys may have closer ties with the insurer and a more compelling interest in protecting the insurer's position, whether or not it coincides with what is best for the insured," the insured in such cases can take control of the litigation by choosing an independent counsel, funded by the insurer. Id. at 991-92.

The issue of a conflict of interest only arises when the insurer controls the defense, and can thereby direct the litigation to further their own interest over the interests of the insured. The defense contends this is precisely what happened in this case. They claim that TIG controlled ISU's defense because it made the decision to remove Posegate from the litigation. Viewed favorably to the plaintiff, however, the record contradicts that claim. Rather, the record suggests that Posegate voluntarily distanced herself from the litigation after she had been sanctioned. (Pl.'s App. Ex. A at 126.) Moreover, there is evidence that suggests that Posegate and ISU, not TIG, elected to transfer much of the Varner litigation from the defense attorneys to the law firm of Latham & Watkins. (Id. at 61-62, 65-66.)

Instead of establishing a conflict, the record shows that the plaintiffs have already done what is required of them when a conflict arises. Namely, they have funded counsel independently controlled by ISU. When Posegate, who continues to represent ISU in Varner, transferred the bulk of the case to Latham & Watkins, TIG stopped paying Giffin Winning for the defense. (Defs.' App., Ex. G ¶ 10.) Instead, TIG has paid Latham & Watkins, who have continued to defend ISU in the matter without TIG's control.[3]

The defense attorneys further claim that TIG controlled or interfered with the Varner defense when it filed the present lawsuit. According to defense attorneys, TIG ignored Latham & Watkins' requests to hold off on the lawsuit until after the Varner case was resolved. The defense attorneys argue that Latham & Watkins was fearful that if the plaintiffs' attorney in Varner "got wind of this

---

[3] Even if TIG had controlled the Varner defense, the defense attorneys offer no explanation of how removing an attorney sanctioned by the Court for abuse of the discovery process could have jeopardized ISU's interests.

-6-

action, it could somehow be detrimental to the Varner case." (Defs.' Ex. D at 84.) Viewed in the light most favorable to the plaintiffs, however, the record reveals that Latham & Watkins did not believe the lawsuit would interfere with its own defense of ISU, but rather that it would harm Posegate's reputation. (Id. at 83-84, 89). Moreover, there is no evidence that ISU objected to TIG doing so. The record does not, therefore, support the defense attorneys' claim that TIG interfered with the Varner defense by filing this suit.

Even if filing this suit somehow did interfere with the Varner defense, there is no evidence that this lawsuit actually jeopardizes ISU's interests. Surely the Varner plaintiffs' attorney "got wind of" the key allegations of the lawsuit when the motion for sanctions was filed against Posegate. Furthermore, defense attorneys have not explained how the Varner plaintiffs' attorney's knowledge of Posegate's conduct would be detrimental to ISU's position in that case.

Because no conflict of interest has been established, and in any event the hazards of such a conflict have been avoided, TIG is not precluded from pursuing a malpractice claim against the defense attorneys. Therefore, the defense attorneys are not entitled to judgment as a matter of law and their motion for summary judgment is denied.

## Conclusion

For the reasons stated above, the motions for judgment on the pleadings and for summary judgment of defendants Giffin, Winning, Cohen & Bodewes, P.C., Carol Hansen Posegate, Gegory K. Harris and Arthur B. Cornell, Jr. are denied. The defendants' motion for leave to cite unpublished authority is also denied.

**ENTER:**

_____
**UNITED STATES SENIOR DISTRICT JUDGE**

**DATED:** 8-1-02