# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2737 | **DATE** | 12/19/2002 |
| **CASE TITLE** | TIG INSURANCE CO. vs. GIFFIN, WINNING, COHEN & BODEWES, | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the parties' motions in limine are granted in part and denied in part. This case is ready for trial. The Court will not entertain any additional motions for either party unless specifically contemplated by this Order. Trial is set for 6/16/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | DEC 20 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 105 |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIG INSURANCE COMPANY, individually )
and as subrogee of Illinois State University, )
                 )
      Plaintiff,         )
                 )
  v.               )
                 )  No. 00 C 2737
GIFFIN, WINNING, COHEN &     )  Paul E. Plunkett, Senior Judge
BODEWES, P.C., an Illinois professional  )
corporation, and CAROL HANSEN   )
POSEGATE, GREGORY K. HARRIS,  )
and ARTHUR B. CORNELL, JR.,   )
individually,          )
                 )
      Defendants.      )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' motions *in limine*. For the reasons set forth below, the motions are granted in part and denied in part.

### I. Motions Filed by Defendants

A. <u>First Motion in Limine Regarding Ruling on Motion for Sanctions</u>

Defendants seek to exclude evidence of Judge Mihm's ruling in the <u>Varner</u> case[1] regarding defendants' discovery violations and the related motion for sanctions. Defendants argue that the

---

[1] The <u>Varner</u> case was a class-action gender discrimination suit against Illinois State University ("ISU"). The relevant facts of the <u>Varner</u> case were set forth in our February 8, 2001 Memorandum Opinion and Order.

ruling has no preclusive effect, and that, in any event, evidence of the ruling would be highly prejudicial. TIG disagrees, and has offered a statement about the ruling it proposes be submitted to the jury.

The Court finds that some reference to Judge Mihm's ruling is necessary in order to impart to the jury the basis of the instant suit and the seriousness of the alleged negligence. However, we reject TIG's proposed statement regarding the ruling as being too detailed and too slanted in TIG's favor. At this time we do not decide upon the specific wording of the statement, but we do find that the statement should reflect the following facts:

- the <u>Varner</u> case was pending in federal court in the Central District of Illinois;

- consistent with the normal litigation process, the <u>Varner</u> plaintiffs made certain document discovery requests of ISU;

- during the discovery process, certain gender equity studies in the possession of defendants, who were ISU's counsel, were not produced;

- as a result of defendants' failure to turn over the studies, the <u>Varner</u> plaintiffs brought a motion for sanctions against the defendants and ISU, alleging that their failure to turn over the studies violated the discovery rules with respect to eight discovery requests;

- the judge in the <u>Varner</u> case held a four-day hearing on the sanctions motion;

- the judge found that the gender equity studies were responsive to two of the eight requests, and thus defendants' failure to produce them violated the discovery rules. As a result, the judge imposed a monetary sanction against defendants; and

- the judge found that certain other discovery requests were not violated by defendants' failure to turn over the studies.

Defendants' motion to exclude evidence relating to Judge Mihm's ruling is denied. The parties are ordered to include an appropriate statement in the final pre-trial order.

B.    Second Motion in Limine Regarding Proximate Cause and Exclusion of Certain Evidence

In this second motion, defendants urge us to adopt a heightened standard of causation with respect to damages. Specifically, defendants argue that the case of Radtke v. Murphy, 728 N.E.2d 715 (Ill. App. Ct. 2000)[2], has established that, where damages in the form of attorneys fees flow from legal malpractice, only those damages whose "sole cause" was the legal malpractice should be considered. Accordingly, they argue that evidence relating to the motion for sanctions, the motion to disqualify, the motion for protective order and the motion to reconsider should be excluded because TIG cannot show that defendants' alleged negligence was the "sole cause" of the damages associated with these motions.

We believe that defendants read too much into the Radtke case. First, the Radtke court clearly states that "[t]o prevail in a legal malpractice action, the complainant must demonstrate that ... [he] suffered actual damages as a proximate result of the breach." Id. at 719. Second, the words "sole cause" are not the words of the Radtke court; they are the words of Radtke's counsel. Id. at 720. Finally, the Radtke court quoted Radtke's counsel in its own discussion of Radtke's failure to

---

[2] In Radtke v. Murphy, Radtke, sued his lawyer, Murphy, for legal malpractice. In brief, Radtke claimed that, against his wishes, Murphy filed an action in the chancery court against the Tizes, private citizens, naming Radtke as one of many plaintiffs. The chancery court action arose out of a neighborhood association dispute. The Tizes later filed a federal lawsuit against Radtke and the other plaintiffs in the chancery court action. Radtke blamed Murphy for Radtke's being named as a defendant in the federal action.

3

prove the "but for" requirement of proximate causation.[3] Id. The Radtke court noted that, because Radtke's counsel admitted that Radtke's "being named as a plaintiff in the chancery action was 'principally, not the sole cause' of his being sued by the Tizes," Radtke could not demonstrate that "but for" Murphy's negligence in naming Radtke in the chancery action, Radtke would not have been named in the federal action. Id. We do not believe that Radtke has departed from the traditional proximate cause standard used in negligence actions. Thus, the case will be submitted to the jury with instructions on "but for" and proximate cause which we believe to be the appropriate cause question for the fact finder.

The defendants also ask that we eliminate from TIG's damage claim their request for fees incurred in filing a motion to disqualify and a motion for protective order. Issues of proximate cause are normally issues of fact for a jury, unless the material facts are undisputed and only one conclusion is clearly evident. See Kleen v. Homak Mfg. Co., Inc., 749 N.E.2d 26 (Ill. App. Ct. 2001). We find, as a matter of law, that damages stemming from the motion to disqualify and the motion for protective order were not proximately caused by defendants' alleged negligence. Thus, we grant defendants' motion *in limine* on these two issues.

In the case of the motion to disqualify, we find that Bellows' unethical behavior constitutes an intervening act sufficient to break the chain of causation. See Mack v. Ford Motor Co., 669 N.E.2d 608, 613 (Ill. App. Ct. 1996); Tr. Hr'g Mot. Disqualify at 82 (where Judge Mihm finds that

---

[3] We note for clarity that in a cause of action for negligence, such as legal malpractice, proximate cause is "one that produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause." Kleen v. Homak Mfg. Co., Inc., 749 N.E.2d 26, 29 (Ill. App. Ct. 2001). Proximate cause consists of two distinct elements: cause in fact (or "but for" cause) and legal cause. See id. (internal citations omitted). Cause in fact asks whether absent defendant's conduct, the injury would have occurred. Legal cause is a question of foreseeability. Id. (citing First Springfield Bank & Trust, 720 N.E.2d 1068 (Ill. 1999)).

4

Bellows' conduct was done "intentionally and recklessly"); Restatement (2d) of Torts § 442 (listing the degree of culpability of a wrongful act of a third person among the considerations of importance when determining whether an intervening force is a superceding cause). As for the motion for protective order, TIG has not provided sufficient evidence to show that defendants' alleged negligence was the "but for" cause of the damages associated with this motion. The motion for a protective order sought a ruling that the gender study documents were privileged. It seems virtually certain that this motion would have been filed quite apart from any malpractice by the defendants.

We deny defendants' motion *in limine* regarding damages from the motion for sanctions (for all eight categories) and the motion to reconsider. The general rule, that one who commits "a wrongful act is liable for all of the ordinary and natural consequences of his act", is applicable here. Sorenson v. Fio Rito, 413 N.E.2d 47, 51 (Ill. App. Ct. 1980); see also Sterling Radio Stations Inc. v. Weinstine, 765 N.E.2d 56, 63 (Ill. App. Ct. 2002) (where the court would consider as damages the amount spent to "undo the damage done by a previous attorney", whether or not the plaintiff was forced to take the particular action). TIG asserts that the damages associated with these motions resulted from defendants' alleged negligence. The jury could disagree, but we find no reason at this point in the litigation to remove this issue from the jury's consideration.

C. Third Motion in Limine Regarding Proof of Damages

In their third motion *in limine*, defendants seek to prevent TIG from introducing its legal bills as evidence of damages. They argue that, because the legal bills are "block-billed," *i.e.*, attorney time for a particular case on a particular day reflects the aggregate amount of time spent on all tasks for that case on that day, it would be impossible to distinguish the fees and costs attributable to

5

defendants' alleged negligence from the fees and costs attributable to the various other tasks associated with the case. As a result, argue defendants, TIG's damages are speculative and the legal bills are inadmissible.

We agree with defendants on their point about the block-bills. TIG bears the burden of proving its damages, see Ignarski v. Norbut, 648 N.E.2d 285, 288 (Ill. App. Ct. 1995), and cannot rely solely on these block-bills for its proof. TIG will, however, have the opportunity at trial to prove its damages with testimony and other relevant, admissible evidence from those with personal knowledge about the particular damages at issue. For this reason, we deny defendants' motion.

In the alternative, defendants ask this Court to conduct a pre-trial *voir dire* of each Latham & Watkins witness allowed to testify to determine whether the witness' testimony can aid the jury in its determination of damages. The Court declines this invitation. Counsel will be deposing those lawyers and can bring an appropriate motion to exclude their testimony on specific grounds if such grounds exist.

Defendants also seek to have this motion *in limine* converted to a motion for summary judgment if the testimony of the Latham & Watkins lawyers does not raise an issue of material fact with respect to the apportionment of damages. The Court denies this request without prejudice. If, upon completion of the depositions of the Latham & Watkins lawyers, defendants' belief is that the lawyers' testimony does not aid in the apportionment of damages, then defendants may seek permission of this Court to renew their motion for summary judgment on this issue.

D.  Fourth Motion in Limine Regarding Failure to Supplement Evidence of Damages under FRCP 26(e)(2) and 37(c)(1)

In their fourth motion *in limine*, defendants seek to prevent TIG from introducing any damage evidence from the Latham & Watkins lawyers because TIG did not disclose the identities of the lawyers or the substance of their knowledge during discovery. To the extent TIG committed any discovery violation, however, it was cured by the Court's order requiring TIG to identify the Latham & Watkins lawyers it will call as witnesses and allowing defendants to depose them. Thus, defendants' fourth motion *in limine* is denied as moot.

E.  Fifth Motion in Limine Regarding No Damages As A Matter of Law

Through this motion, defendants seek to bar TIG *as a matter of law* from presenting damage evidence and ask this Court to dismiss this case with prejudice. Their argument is this: TIG has insured its losses stemming from the Varner case with two reinsurers. These two reinsurers have, in fact, paid the legal fees in the Varner case, thus making TIG whole. Because the reinsurers have paid the legal fees, and not TIG, defendants argue that TIG has suffered no damages, and thus, cannot make out an essential element of its legal malpractice claim. The reinsurers, defendants assert, are the real parties in interest in this case, and it is too late to bring them into the action. Defendants rely on the case of Sterling Radio Stations, Inc. v. Weinstine, 765 N.E.2d 56 (Ill. App. Ct. 2002) for the proposition that TIG cannot recover damages because the collateral source rule[4] does not apply in this case.

---

[4] "The collateral source rule holds that benefits received by the injured party from a source independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor." Sterling Radio Stations, Inc., 765 N.E.2d at 64.

The Court disagrees. Various public policy concerns inform the application of the collateral source rule in any particular case. First, double recovery by a plaintiff is disfavored. See Eastman v. Messner, 721 N.E.2d 1154, 1157-58 (Ill. 1999). Second, the wrongdoer should not benefit from a windfall by not having to pay damages. See Edward Gray Corp. v. National Union Fire Ins. Co., 1995 WL 437509, at *4 (N.D. Ill. July 21, 1995). However, the wrongdoer should also not be subject to double payment. See Arena Football League, Inc. v. Roemer, 9 F. Supp. 2d 889, 900 (N.D. Ill. 1998). Third, a plaintiff should be returned to "the same position" if not for the wrongdoer's action, not a better one. Sterling Radio Stations, Inc., 765 N.E.2d at 64. Finally, a wrongdoer should not benefit from "expenditures made by the injured party, or take advantage of contracts . . . which exist between the injured party and third persons." Id.

All of these considerations are met by allowing TIG to proceed with its claim against defendants. First, TIG will not benefit from a double recovery. We assume, based on plaintiff counsel's comments during oral argument, that TIG is contractually obligated to forward any recovery it receives in this action to its reinsurers, thus restoring both TIG's insurance benefits vis-á-vis its reinsurers and ISU's insurance benefits vis-á-vis TIG by an amount equal to the amount of the recovery.

Second, defendants would be the recipients of a windfall if TIG were not allowed the opportunity to prove damages. ISU, defendants' client in the Varner case, cannot bring this action because it has subrogated its legal malpractice claim to TIG. The reinsurers cannot bring this action because they are not parties to a contract with ISU and have no subrogation rights. TIG is the only party who can assert this claim. There is no threat of double payment on the part of defendants as ISU's right to sue defendants directly has been contracted to TIG.

8

Third, by recovering damages, TIG will not be in a better position than it was before defendants' alleged negligence. As discussed previously, TIG will not pocket the damages recovered in this action. Any recovery will be passed along to the reinsurers and will restore TIG's insurance coverage with the reinsurers. This places TIG in the same position as it would have been absent defendants' alleged negligence.

Finally, TIG took advantage of the opportunity to reinsure its risk with unrelated third parties. Presumably, it has paid for this reinsurance. It should not be penalized for its foresight to enter into such an arrangement.

For the foregoing reasons, defendants' fifth motion *in limine* is denied. Because we deny defendants' motion, defendants seek to have this Court clarify that defendants are entitled to *de novo* review of this Court's decision by the court of appeals, rather than the more deferential standard typically applied to motions *in limine*. We note that defendants have already filed a motion for summary judgment in this case. The issue they raise here is not a new issue; it could have been addressed in defendants' earlier summary judgment motion. We deny defendants' request; we will not attempt to dictate to the court of appeals the standard of review it should use.

F.  Motion for Leave to Supplement Exhibit DD

Defendants seek to substitute Exhibit DD previously filed with the Court. The exhibit consists of billing invoices at issue in this case. In their motion, defendants assert they inadvertently filed the incorrect billing invoices when they originally submitted Exhibit DD to the Court. Defendants' motion to substitute Exhibit DD is granted.

**Motions Filed by Plaintiff**

A.  Motion to Exclude Evidence Inconsistent with Defendant's Judicial Admissions

TIG seeks to exclude any evidence that is inconsistent with defendants' judicial admissions. The admissions to which TIG refers are those that arose by operation of Local Rule ("Rule") 56.1. In response to defendant's motion for summary judgment, TIG submitted a statement of additional facts pursuant to Rule 56.1(b)(3)(B). Defendants did not respond to the statement. Thus, according to the Rule, they were deemed to have admitted all material facts TIG asserted in it. Those admissions are binding, TIG says, and any evidence that contradicts them must be excluded.

The Court disagrees. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." Keller v. United States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). Even if a statement qualifies as a judicial admission, however, a court is not required to treat it as such. Rather, "[a] trial judge has discretion whether to accept a judicial admission." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

Defendants' failure to respond to TIG's fact statement is not an admission in a pleading. (See Fed. R. Civ. P. 7(a) (defining pleading).) And, even if it constituted a stipulation, an issue we do not decide, we would not hold defendants to it. Rule 56.1 deems the non-responding party to have admitted only those facts that were *material* to the motion. Despite that crucial *caveat*, TIG has made no effort to cull the material facts from its Rule 56.1(b)(3)(B), arguing instead that the entire statement should be deemed a judicial admission. The gist of defendants' motion was that TIG's conflicts of interest with ISU barred it, on public policy grounds, from suing ISU's lawyers. Plainly, many of the facts asserted by TIG, like those that recount the history of the discovery dispute and set

forth TIG's alleged damages, were not material to the conflict of interest issue. Because TIG has not identified the facts that were material, it would be improper to deem defendants to have judicially admitted any of the facts asserted by TIG. TIG's motion to exclude evidence inconsistent with defendants' judicial admissions is, therefore, denied.

B. <u>Motion to Exclude Evidence that TIG had Duty to Control ISU Defense Attorneys</u>

TIG also seeks to exclude evidence relating to defendants' contention that TIG had a duty to control ISU's defense attorneys in the <u>Varner</u> case. For support, TIG cites to previous orders of this Court where we found that TIG did not have a duty to defend ISU and therefore did not control ISU's defense counsel. In connection with other issues decided previously in this case, this Court has found that TIG did not hire, and did not control, ISU's defense attorneys in the <u>Varner</u> case. <u>See</u> <u>TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes, et. al.</u>, 2002 WL 1803754, at *3 (Aug. 5, 2002); <u>TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes, et. al.</u>, 2001 WL 630670, at *4 (May 31, 2001). TIG's motion is granted.

## Conclusion

For the reasons set forth above, the parties' motions *in limine* are granted in part and denied in part. This case is ready for trial. The Court will not entertain any additional motions from either party unless specifically contemplated by this Order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 12-19-02